## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

WILBERT JONES,

     Plaintiff,

v.                                    No. 23-cv-0502-DHU-KRS

THE BOARD OF COMMISSIONERS OF
THE COUNTY OF BERNALILLO, *et al*,

     Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Wilbert Jones' Amended Prisoner Civil Rights Complaint (Doc. 2) (Complaint). Plaintiff is incarcerated, *pro se,* and proceeding *in forma pauperis*. He alleges, inter alia, that prison officials provided unsafe conditions of confinement and violated his First Amendment rights. Having reviewed the matter *sua sponte* under 28 U.S.C. § 1915(e), the Court will dismiss the Complaint but grant leave to amend.

## BACKGROUND[1]

Plaintiff was previously incarcerated at the Metropolitan Detention Center (MDC) in Albuquerque, New Mexico. *See* Doc. 2 at 2. He initially selected a Kosher diet at MDC. *Id.* at 12. The Complaint does not specify Plaintiff's religious beliefs, but it alleges such diet is compatible with his religion. *Id.* In 2023, the MDC Chaplin notified all inmates that Kosher diets are only for individuals practicing Judaism. *Id.* The Chaplin met with Plaintiff and explained he will be removed from the Kosher diet because he was not practicing Judaism. *Id.* Plaintiff filed a

---

[1] The background facts are taken from Plaintiff's Complaint (Doc. 2). For the limited purpose of this ruling, the Court assumes Plaintiff's allegations are true.

grievance, but it appears he declined to provide proof of how he worships. *Id.* MDC requires all requests for religious diets to include "information concerning affiliations, beliefs, and specify diet[ary needs]." *Id.*

The Complaint also alleges Plaintiff was subject to excessive lockdowns and that MDC provides inadequate legal resources. *See* Doc. 2 at 13. The inmates' out-of-cell time allegedly varied each day. *Id.* at 5, 8. On average, inmates received about 36 hours of out-of-cell time per week. *Id.* at 13. Plaintiff allegedly spent days without showering and missed visits from family and his attorney. *Id.* Plaintiff was also unable to visit the law library at MDC. *Id.* Prison officials required Plaintiff to instead perform research on a computer cart in the hallway, where there was no privacy. *Id.* MDC employees could view what Plaintiff was researching, and he had to ask the law librarian to print all documents. *Id.* Plaintiff received about 10 hours of legal research time during his incarceration at MDC. *Id.*

Construed liberally, the Complaint raises 42 U.S.C. § 1983 claims for violation of religious freedoms under the First Amendment; violation of the right to access courts under the First Amendment; cruel and unusual punishment under the Eighth Amendment; and discrimination in violation of the Equal Protection Clause.[2] The Complaint names four Defendants: (1) the Board of Commissioners for Bernalillo County (the Board); (2) MDC Chief Jason Jones; (3) Albuquerque Mayor Tim Keller; and (4) Law Librarian Lisa Morton. *See* Doc. 2 at 2-3. Plaintiff seeks $10 million in damages. *Id.* at 6. He obtained leave to proceed *in forma pauperis*, and the matter is ready for initial review.

---

[2] The Complaint also references due process, but it is not clear from the facts how prison officials violated any due process rights. Plaintiff may clarify this point in the amendment, if he wishes to pursue a due process claim.

**STANDARD OF REVIEW**

The Court has discretion to dismiss an *in forma pauperis* complaint at any time if the action is frivolous, malicious, or fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(b). The Court may also dismiss a complaint *sua sponte* under Rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted). The plaintiff must frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall,* 935 F.2d at 1110. While *pro se* pleadings are judged by the same legal standards that apply to represented litigants, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, … poor syntax and sentence construction, or … unfamiliarity with pleading requirements." *Id.* Further, *pro se* plaintiffs should ordinarily be given the opportunity to cure defects in the original complaint, unless amendment would be futile. *Id.* at 1109.

**DISCUSSION**

Plaintiff raises claims under the federal constitution, which are analyzed under 42 U.S.C. § 1983. Section 1983 is the "remedial vehicle for raising claims based on the violation of [federal] constitutional rights." *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016). "A cause of

action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution. *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the constitutional violation. *See Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask,* 446 F.3d at 1046.

Applying these standards, the Complaint here fails to connect any specific Defendant to the alleged wrongdoing. The Complaint sets forth a list of Defendants; describes what Plaintiff experienced at MDC; and refers to Defendants as a group. *See, e.g.,* Doc. 2 at 13 (alleging "Defendants" are violating Plaintiff's right to avoid cruel treatment). "When various officials have taken different actions with respect to a plaintiff, the plaintiff's … passive-voice [allegations] showing that his rights 'were violated' will not suffice." *Pahls v. Thomas*, 718 F.3d 1210, 1225-26 (10th Cir. 2013). "Likewise insufficient is a plaintiff's more active-voice yet undifferentiated contention that 'defendants' infringed his rights." *Id.* at 1226. The Complaint therefore fails to state a cognizable § 1983 claim against any Defendant and will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e).

As noted above, *pro se* plaintiffs are ordinarily given an opportunity to remedy defects attributable to their ignorance of federal law. *See Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court will permit Plaintiff to file an amended complaint within thirty (30) days of entry of this Order. Any amended complaint should "make clear exactly who is alleged to have done what to whom, ... as distinguished from collective allegations." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011)

(quotations omitted).  Plaintiff is reminded that entities and prison supervisors cannot be held liable under § 1983 simply because they oversee a wrongdoer.  Entity-defendants and prison supervisors can only be liable if they were personally involved or if they promulgate an official policy/custom that leads to the constitutional violation.  *See Moya v. Garcia*, 895 F.3d 1229 (10th Cir. 2018); *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010).  Similarly, to establish liability of local-government entities such as the Bernalillo County Board of Commissioners, "a plaintiff must show (1) the existence of a municipal custom or policy and (2) a direct causal link between the custom or policy and the violation alleged."  *Jenkins v. Wood*, 81 F.3d 988, 993-94 (10th Cir. 1996).  If Plaintiff wishes to use unnamed Defendants, the amendment must "provide[] an adequate description of some kind which is sufficient to identify the person involved so process eventually can be served."  *Roper v. Grayson*, 81 F.3d 124, 126 (10th Cir. 1996).

    Plaintiff is further reminded that, to the extent he seeks damages for deliberate indifference to health/safety, such claim "involves both an objective and a subjective component."  *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000).  Prison conditions are objectively serious when they threaten the inmate's safety or "lead to deprivations of essential food, medical care, ... [or] sanitation."  *Rhodes v. Chapman*, 452 U.S. 337, 348 (1981).  Lockdown conditions can meet the objective element under certain circumstances, but any amended complaint must include details regarding the frequency of the lockdowns, the amount of exercise per day, and any overcrowding/sanitation/health issues that arise based on the lockdown.  *See, e.g., Ajaj v. United States,* 293 Fed. App'x 575, 582–84 (10th Cir. 2008) (evaluating objective prong by considering hours per days, availability of exercise, and telephone access).  To satisfy the subject prong of the deliberate indifference test, Plaintiff must demonstrate each defendant "knew he faced a substantial

5

risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." *Kikumura v. Osagie*, 461 F.3d 1269, 1293 (10th Cir. 2006) (quoting *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)).

To the extent Plaintiff wishes to raise a First Amendment claim for hindering legal access, his amended complaint must contain more factual detail regarding that issue.  To state a First Amendment right of access claim, the plaintiff must show he was deprived of "a reasonably adequate opportunity to present claim[s] … to the courts." *Lewis v. Casey*, 518 U.S. 343, 350 (1996) (quoting *Bounds v. Smith*, 430 U.S. 817, 825 (1977)).  Beyond demonstrating a lack of access, a plaintiff must show the alleged wrongdoing "prejudiced him in pursuing litigation." *Treff v. Galetka*, 74 F.3d 191, 194 (10th Cir. 1996).  Any amendment must allege specific facts about how the lockdowns/law library/etc. prevented Plaintiff from attacking his "sentences, directly or collaterally" or challenging "the conditions of [his] confinement." *Lewis*, 518 U.S. at 355.

Finally, to state a religious freedom claim under the First Amendment, the amendment must plead facts allowing an inference that the prison regulation at issue "substantially burdened sincerely-held religious beliefs." *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007).  A prison action that substantially burdens beliefs is nonetheless valid "if it is reasonably related to legitimate penological interests." *Id.* (internal quotation marks omitted).  As a result, the amendment "must also plead facts from which a plausible inference can be drawn that the allegedly impinging action was not reasonably related to a legitimate penological interest." *Blair v. Raemisch*, 804 Fed. App'x 909, 916 (10th Cir. 2020) (quoting *Gee v. Pacheco,* 627 F.3d 1178, 1187-88 (10th Cir. 2010)).  *See also Al-Owhali v. Holder,* 687 F.3d 1236, 1240 (10th Cir. 2012) (In an analysis under Rule 12(b)(6), "a court need only assess, as a general matter, whether a prison regulation is reasonably related to

6

a legitimate penological interest.").  Legitimate penological interests include "security, order, and rehabilitation."  *Procunier v. Martinez*, 416 U.S. 396, 413 (1974).  If Plaintiff wishes to raise an equal protection claim based on his removal from the Kosher diet, the amendment must show he was "treated differently from others who were similarly situated to [him]," and that Defendants acted with discriminatory intent.  *Carney v. Oklahoma Dep't of Pub. Safety*, 875 F.3d 1347, 1353 (10th Cir. 2017).

If Plaintiff fails to timely amend or files an amendment that fails to state a cognizable § 1983 claim, consistent with the pleading standards set forth above, the Court may dismiss his claims with prejudice and without further notice.

**IT IS ORDERED** that Plaintiff Wilbert Jones' Amended Prisoner Civil Rights Complaint (**Doc. 2**) is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e); and Plaintiff may file an amended complaint within thirty (30) days of entry of this Order.

_____
HON. DAVID URIAS
UNITED STATES DISTRICT JUDGE