IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILBERT JONES,

    Plaintiff,

v.                                                                                                           No. 23-cv-0502-DHU-KRS

THE BOARD OF COMMISSIONERS
OF THE COUNTY OF BERNALILLO, *et al*,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

    This matter is before the Court following Plaintiff Wilbert Jones' failure to amend his prisoner civil rights complaint to state a plausible claim, as directed. Plaintiff is incarcerated, *pro se*, and proceeding *in forma pauperis*. The original Complaint (Doc. 2) states prison officials removed Plaintiff from a Kosher diet because he was allegedly not practicing Judaism. *See* Doc. 2 at 2. The original Complaint further alleges Plaintiff was subject to excessive lockdowns and that inmates only received about 36 hours of out-of-cell time per week. *Id.* at 13. Plaintiff allegedly spent days without showering; missed visits from family and his attorney; and was unable to visit the law library to research/draft pleadings in private. *Id.* The original Complaint seeks $10 million in damages under 42 U.S.C. § 1983 from four Defendants: (1) the Board of Commissioners for Bernalillo County (the Board); (2) MDC Chief Jason Jones; (3) Albuquerque Mayor Tim Keller; and (4) Law Librarian Lisa Morton. *Id.* at 2-3, 6.

    By a ruling entered September 6, 2024, the Court screened the original Complaint and determined it fails to state a cognizable 42 U.S.C. § 1983 claim against any Defendant. *See* Doc. 11 (Screening Ruling); *see also* 28 U.S.C. § 1915(e) (requiring *sua sponte* dismissal of *in forma pauperis* complaints that fail to state a cognizable claim for relief). Specifically, the original

Complaint fails to connect any Defendant to the alleged wrongdoing.  The original Complaint sets forth a list of Defendants; refers to them as a group;; and describes what Plaintiff experienced at the jail.  *See, e.g.,* Doc. 2 at 13 (alleging "Defendants" are violating Plaintiff's right to avoid cruel treatment).  "When various officials have taken different actions with respect to a plaintiff, the plaintiff's … passive-voice [allegations] showing that his rights 'were violated' will not suffice." *Pahls v. Thomas*, 718 F.3d 1210, 1225-26 (10th Cir. 2013).  "Likewise insufficient is a plaintiff's more active-voice yet undifferentiated contention that 'defendants' infringed his rights." *Id.* at 1226.  The Screening Ruling explained these principles and dismissed the original Complaint (Doc. 2) under 28 U.S.C. § 1915(e) and Fed. R. Civ. P. 12(b)(6).

Consistent with *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), the Court *sua sponte* invited Plaintiff to amend his claims within thirty (30) days of entry of the Screening Ruling.  To assist with the amendment, the Court set out the § 1983 pleading standards related to cruel and unusual punishment under the Eighth Amendment; violations of the First Amendment right to religious freedom; and violations of the First Amendment right to access courts.  *See* Doc. 11 at 4-6.  The Screening Ruling warns that if Plaintiff fails to timely amend, the Court may dismiss this entire case without further notice.

The deadline to file an amended complaint expired no later than October 7, 2024.  Plaintiff did not comply, show cause for such failure, or otherwise respond to the Screening Ruling.  Ordinarily, courts dismiss with prejudice where the prior complaint does not state a cognizable claim, and the plaintiff fails to amend as directed.  *See, e.g., Novotny v. OSL Retail Servs. Corp.*, 2023 WL 3914017, at *1 (10th Cir. June 9, 2023) (affirming dismissal with prejudice where the district court rejected a "claim but gave [plaintiff] leave to amend, cautioning that failure to allege

a plausible claim would result in a dismissal"). Based on the nature of these claims, Plaintiff may survive initial review if he eventually refiles and connects each Defendant to the alleged wrongdoing. The Court, in its discretion, will therefore dismiss this case without prejudice for failure to state a cognizable claim under 28 U.S.C. § 1915(e) and Rule 12(b)(6). *See Smith-Bey v. Hosp. Adm'r*, 841 F.2d 751, 756 (7th Cir. 1988) (construing § 1915(e) to permit screening dismissals with or without prejudice, even where the complaint fails to state a claim).

**IT IS ORDERED** that this case, including each claim in Plaintiff Wilbert Jones' original Prisoner Civil Complaint (**Doc. 1**), is **DISMISSED without prejudice** under 28 U.S.C. § 1915(e) and Rule 12(b)(6); and the Court will enter a separate judgment closing the civil case.

_____
HON. DAVID URIAS
UNITED STATES DISTRICT JUDGE